CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 16 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERNEST SMITH, | ) |
| Petitioner, | ) Case No. 7:08-cv-00135 |
| v. | ) MEMORANDUM OPINION |
| TERRY O'BRIEN, et al., | ) |
| Respondents. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Petitioner Ernest Smith, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In his petition, Smith challenges the calculation of his Good Conduct Time ("GCT") by the Bureau of Prisons ("BOP"). Respondent filed a motion to dismiss to which Smith filed a timely response, thus, making the matter ripe for consideration. For the reasons outlined below, I find that Smith's claims lack merit and conclude that the motion to dismiss must be granted.

I.

Under 18 U.S.C. § 3624, the BOP is authorized to award GCT to prisoners. Credit for GCT is subtracted from the prisoner's sentence, such that the prisoner becomes eligible for release before serving the full sentence imposed by the sentencing court. 18 U.S.C. § 3624(a). Section 3624 provides, in pertinent part, as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1). The Bureau of Prisons has interpreted § 3624 to award 54 days of good conduct time for "each year served." 28 C.F.R. § 325.20.

## II.

In the present action, Smith argues that the BOP's interpretation of 18 U.S.C. § 3624 is incorrect and maintains that the BOP should calculate GCT based on the length of the sentence imposed rather than on the amount of time an inmate actually serves. He complains that the BOP's method of assigning GCT credits for each year of actual time served ultimately results in Smith receiving only 47 days of GCT credits for each year of the sentence imposed. Smith explains that, based on a sentence of 188 months incarceration, he has only been credited 737 days of GCT rather than the 846 days of GCT to which he feels entitled.

In Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit addressed the precise issues raised in Smith's petition. The Yi court determined that, while the phrase "term of imprisonment" found in § 3624 was ambiguous, the court would defer to the statutory interpretation by the BOP. Yi, 412 F.3d at 533. The court found that the BOP reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's actual time served, rather than the length of the sentence imposed. Id. at 534. The court noted that "[t]he view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner 'at the end of each year' for good behavior demonstrated 'during that year.'" Id. (citing 18 U.S.C. § 3624(b)(1)); see also Graves v. Bledsoe, 334 F. Supp. 2d 906 (W.D. Va. 2004) (holding that the calculation of good time credits based on time served, as opposed to the sentence imposed, was a reasonable interpretation of § 3624 and, thus, an inmate was not entitled to credit based on the entire sentence

imposed); Cirineo v. Adams, No. 2:06-cv-279, 2007 WL 1557198, at *3 (E.D. Va. May 24, 2007); Noesi v. Bledsoe, No. 7:05-cv-00451, 2006 WL 167498, at *7 (W.D. Va. Jan. 20, 2006). Accordingly, based on the Fourth Circuit's recent precedent and the precedent of this court, I find that the BOP has reasonably interpreted and correctly applied 18 U.S.C. § 3624 in calculating Smith's GCT.[1]

### III.

Based on the foregoing, I find that Smith's claims lack sufficient merit to warrant the requested relief. Therefore, I will dismiss Smith's petition. An appropriate Order will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to counsel of record for respondents and to petitioner.

**ENTER:** This 16th day of April, 2008.

Senior United States District Judge

---

[1] The United States Court of Appeals for the Fourth Circuit has also addressed and rejected Smith's additional claim that the rule of lenity, which "compels a court to resolve ambiguity in a criminal statute in favor of the defendant," should apply in this situation. Yi, 412 F.3d at 535 (quoting United States v. Bass, 404 U.S. 336, 348 (1971)). The court held that, while the language of 28 U.S.C. § 3624 is ambiguous, BOP Program Statement 5880.28 and Regulation 28 C.F.R. § 523.20 provide the public with sufficient notice that the GCT shall be awarded based upon time actually served. Moreover, the court determined that § 3624 is a statute that Congress has charged the BOP to administer and, thus, courts must defer to the agency's reasonable construction of the statute. For the same reasons stated by the Yi court, I decline to apply the rule of lenity in the instant case.
- 3 -